TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .............. ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Wentworth Precious
Metals, LLC .................., Plaintiff(s)

v.

APR 22 2011

City of Everett, et al. . Defendant(s)

## SUMMONS

To the above-named Defendant: Carlo DeMaria, Jr.

You are hereby summoned and required to serve upon Justin Perrotta, Esq., Law Offices of
William V. Hovey, LLP .............., plaintiff's attorney, whose address is 27 School Street,
Fifth Floor, Boston, MA 02108 .............., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Woburn .............................
.................................................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Woburn ...........................................................................
the 20th .............................................. day of April ...........................................................
........................ in the year of our Lord 2011 ...............................................

_____
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss

No.

Wentworth Precious
Metals, LLC .................... , Plaintiff(s)

v.

City of Everett, et al. , Defendant(s)

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
4/22/11
DATE OF SERVICE

## SUMMONS

To the above-named Defendant: City of Everett

You are hereby summoned and required to serve upon Justin Perrotta, Esq., Law Offices of
William V. Hovey, LLP .......... plaintiff's attorney, whose address is 27 School Street,
Fifth Floor, Boston, MA 02108 .................... an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. Woburn ....................

.................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at .... Woburn ....................

the .......... 20th .......... day of .......... April ....................

.......... in the year of our Lord .. 2011 ..................... .

.................... Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| MIDDLESEX ............. ss | SUPERIOR COURT<br>DEPARTMENT<br>OF THE<br>TRIAL COURT<br>CIVIL ACTION<br>No. |

Wentworth Precious
Metals, LLC..................... Plaintiff(s)

v.

City of Everett, et al.. Defendant(s)

## SUMMONS

To the above-named Defendant:  John Field

You are hereby summoned and required to serve upon Justin Perrotta, Esq., Law Offices of

William V. Hovey, LLP ............. plaintiff's attorney, whose address is 27 School Street,

Fifth Floor, Boston, MA 02108 ............. an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. Woburn .....................

............................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at .....Woburn ......................................................

the ......20th........................................... day of ..April .....................................................

......................... in the year of our Lord ....2011.......................... .

_____
                                                          Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ............ ss

No.

Wentworth Precious
Metals, LLC ...................., Plaintiff(s)

v.

City of Everett, et al. , Defendant(s)

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
DATE OF SERVICE 4/22/11

### SUMMONS

To the above-named Defendant: Frank Nuzzo

You are hereby summoned and required to serve upon Justin Perrotta, Esq., Law Offices of William V. Hovey, LLP plaintiff's attorney, whose address is 27 School Street, Fifth Floor, Boston, MA 02108 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Woburn the 20th day of April in the year of our Lord 2011 .

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**TRIAL COURT OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**
COUNTY OF   MIDDLESEX

DOCKET NO. _____

**PLAINTIFF(S)**

WENTWORTH PRECIOUS METALS, LLC

**DEFENDANT(S)** CITY OF EVERETT, CARLO DeMARIA, JR., FRANK NUZZO, and JOHN FIEL...

| | |
|---|---|
| Plaintiff Atty | Justin Perrotta, Law Offices of William V. Hovey |
| Address | 27 School Street, Fifth Floor |
| City | Boston   State  MA   Zip Code  02108 |
| Tel. | +1 (617) 443-0123    BBO#  641,828 |

| | |
|---|---|
| Type Defendant's Attorney Name | |
| Defendant Atty | |
| Address | |
| City | State   Zip Code |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.        TYPE OF ACTION (specify)        TRACK

E17 Civil Rights Act G L c 12, s 11H - Average Track

IS THIS A JURY CASE

(•)   ]  Yes   (  )  ]   No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
   1.   Total hospital expenses                                                   $_____
   2.   Total doctor expenses                                                    $_____
   3.   Total chiropractic expenses                                              $_____
   4.   Total physical therapy expenses                                          $_____
   5.   Total other expenses (describe)                                          $_____

B.   Documented lost wages and compensation to date
C.   Documented property damages to date                        Subtotal   $_____
D.   Reasonably anticipated future medical expenses                        $_____
E.   Reasonably anticipated lost wages and compensation to date            $_____
F.   Other documented items of damages (describe)                          $_____

G.   Brief description of plaintiff·s injury, including nature and extent of injury (describe)   $_____

                                                                Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.
Signature of Attorney of Record _____        Date:  4/19/11

A.O.S.C. 3-2007

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |
| | or Municipality | |

**\*TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence | (F) |
| | personal injury/property damage | |
| B04 | Other Negligence- | (F) |
| | personal injury/property damage | |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (A) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |
| | or Municipality | |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative | |
| | Agency G.L. c. 30A | ( |
| E03 | Claims against Commonwealth | |
| | or Municipality | ( |
| E05 | Confirmation of Arbitration Awards | (: |
| E07 | G.L. c.112, s.12S (Mary Moe) | (: |
| E08 | Appointment of Receiver | (: |
| E09 | General Contractor bond, | |
| | G.L. c. 149, ss. 29, 29a | (/ |
| E11 | Worker·s Compensation | (: |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (: |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (: |
| E16 | Auto Surcharge Appeal | (: |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (/ |
| E18 | Foreign Discovery Proceeding | (: |
| E19 | Sex Offender Registry G.L. c. 178M, | |
| | s. 6 | (: |
| E21 | Protection from Harassment c 258E | (: |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F |
| E96 | Prisoner Cases | (F |
| E97 | Prisoner Habeas Corpus | (: |
| E99 | Other (Specify) | (: |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes       [ ] |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

Superior Court
Civil Action
No. _____

_____

WENTWORTH PRECIOUS METALS, LLC,
Plaintiff

vs.

CITY OF EVERETT, CARLO DeMARIA,
JR., as he is the Mayor of the City of Everett,
FRANK NUZZO, as he is the Code Enforcement
Officer of the City of Everett, and JOHN FIELD,
as he is the Building Inspector of the City of
Everett,
                                    Defendants

_____

<u>VERIFIED COMPLAINT</u>

**<u>JURY TRIAL DEMANDED</u>**

## <u>PARTIES</u>

1. Plaintiff, WENTWORTH PRECIOUS METALS, LLC, is a Massachusetts Limited Liability Company doing business within this Commonwealth as a buyer and seller of ferrous and non-ferrous metals, e.g. iron, copper, aluminum, having a usual place of business at 431 Second Street, and 0 Terminal Street, Everett, Massachusetts.

2. Defendant, CITY OF EVERETT, is a duly constituted Massachusetts Municipal Corporation having a usual place of business at City Hall, 484 Broadway, Everett, Massachusetts.

3. Defendant, CARLO DeMARIA, JR., is the duly-elected Mayor of the City of Everett, and has a usual place of business at  City Hall, 484 Broadway, Everett, Massachusetts.

4. Defendant, FRANK NUZZO, is the duly-appointed Code Enforcement Officer of the City of Everett, and has a usual place of business at  City Hall, 484 Broadway, Room 26, Everett, Massachusetts.

5. Defendant, JOHN FIELD, is the duly-appointed Building Inspector of the City of Everett, and has a usual place of business at City Hall, 484 Broadway, Room 29, Everett, Massachusetts.

## FACTS

6. Plaintiff is located within the Industrial Limited District under Section 21 of the City of Everett Zoning Ordinance. A copy of Section 21, together with a copy of Section 27, of the City of Everett Zoning Ordinance is annexed hereto as **Exhibit A**.

7. Among the uses which are allowed as of right in the Industrial Limited District are the following:

   (3) Retail uses where goods are sold or services rendered primarily at retail

8. Plaintiff is, and at all times material hereto has been, the holder of the following licenses from the City of Everett: Junk Dealership, Precious Metals Dealer, Precious Metals Processor, Non-Ferrous Metals Processor, Antique/Second Hand/Collectibles Dealer, Recovery and Recycling Facility License, and Storage of Flammable Products. True copies of these licenses are annexed hereto collectively as **Exhibit B**.

9. The nature of plaintiff's business is that metals are received from suppliers on a daily basis, are then weighed and stored, and the suppliers are paid based upon current pricing for the metals; the company then separates the product, bundles it, and either stores it or sells it through brokers and others involved in the business. Some suppliers utilize "roll-off" containers that are dropped off at the site, where the product is then weighed and stored as described. The process is repeated on a daily basis.

10. Each spring, the City Clerk sends to the plaintiff (and to other, similarly-situated businesses) a license renewal application (to be completed by the recipient business) and three certificates that have to be completed and executed by the City Treasurer (certifying that the property owner owes no taxes), Fire Prevention (certifying that the business is code-compliant) and the Building Inspector (certifying that the business is zoning-compliant). No license renewals will be granted in the absence of these three certificates.

11. From 2008 to 2010, all three departments duly certified that the plaintiff business was in good standing with their respective departments, and true copies of these three certificates are annexed hereto collectively as **Exhibit C**. The Plaintiff has been licensed pursuant to this procedure for a number of years. The Board of Alderman is the licensing authority for the City of Everett.

12. Six (6) other, similar businesses are located within less than half a mile of each other, on Second Street, Third Street and Boston Street; all are within the Industrial Limited Zone. These businesses are **(See Exhibit D)**:

• M&S Metals, 391 Third Street,

• Paul Mattuchio, Inc., 366 Second Street,

• American Scrap Metal, Inc., 357 Third Street,

• H. Hand M. Metals, Inc., 337 Second Street,

• Polarized NE Co., LLC, d/b/a Second Street Iron and Steel, 285 Second Street,

• Woodwaste, 85-87 Boston Street.

13. In April of 2010, and again in July of 2010, the defendants, with others, met to consider an "action plan" against "junk dealers" who were alleged to be in violation of their licenses by reason of their storage of materials outside on their respective properties. The plaintiff was one of several business named. True copies of some notes from those meetings are annexed hereto collectively as **Exhibit E**.

14. The plaintiff, along with the other named businesses, had long stored materials out of doors on their respective properties, and the defendants had never before complained about it. Indeed, such outdoor storage never interfered with plaintiff's annual receipt of "clean bills of health" from the City Treasurer (taxes), Fire Department (code) and Building Inspector (zoning).

15. In August of 2010, the defendants, under cover of ostensibly "enforcing" the local ordinance, began a campaign of threats, intimidation and coercion directed against the plaintiff, including but not limited to the following:

August 16: citation issued, carrying a $50.00 fine, for alleged violations of building, zoning and other ordinances. A true copy of this citation is included in a packet of documents annexed hereto as **Exhibit F**.

August 27: citation issued, carrying a $100.00 fine, for alleged violations of building and zoning ordinances. A true copy of this citation is included in a packet of documents annexed hereto as **Exhibit F**.

August 30: cease and desist order issued, including fines at the rate of $100.00 for the first day of the alleged violations, and $300.00 per day thereafter, for conducting operations outdoors, and for the outdoor storage of materials. A true copy of this cease and desist order is included in the packet of documents annexed hereto as **Exhibit F**.

October 19: cease and desist order issued, now demanding that the plaintiff obtain a special permit for "heavy manufacturing operations," as well as the cessation of outdoor operations and the removal of all outdoor storage of materials, under threat of further enforcement action including, but not limited to, revocation of the plaintiff's licenses. A true copy of this cease and desist order is included in the packet of documents annexed hereto as **Exhibit F**.

November 3: demand letter served upon the plaintiff demanding payment of $1375.00 in accumulated fines. A true copy of this demand letter is included in the packet of documents annexed hereto as **Exhibit F**

Diverse dates and times: verbal threats by the defendants, their agents, employees and servants to shut the plaintiff's business down and filing of numerous complaints in the District Court.

16. No similar "enforcement actions" have been taken against the other, similar businesses, all situated within the same Zoning District and all within half a mile of the plaintiff's business.

17. The plaintiff, and upon information and belief, all of the other, similar businesses, situated within the same Zoning District and within half a mile of the plaintiff, received "invitations" to

donate to the defendant Mayor's political campaign at a fund raiser held on July 31, 2007 and on a number of dates thereafter. A true copy of one such "invitation" is annexed hereto as **Exhibit G.**

18. The plaintiff did not make any donation to the defendant Mayor on this occasion, and in fact the plaintiff has been reluctant to donate to the defendant Mayor.

19. Through Freedom of Information Requests, the plaintiff has learned that most of the other, similar businesses, situated within the same Zoning District and within half a mile of the plaintiff, have made the requested donations to the defendant Mayor. All donations are documented in the campaign filings, indicating the respective names, dates and amounts. True copies of campaign finance records showing these contributions are annexed hereto collectively as **Exhibit H.**

20. The defendants have singled out the plaintiff for selective and discriminatory treatment without any rational basis and out of a malicious bad faith intent to injure the plaintiff as retaliation and punishment for its refusal to make political campaign contributions.

## COUNT ONE: VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. SEC. 1983 -- RETALIATION

21. Plaintiff incorporates by reference and here re-alleges paragraphs 1-20, supra.

22. The defendants' conduct as described herein has been motivated by, and taken in retaliation for, plaintiff's exercise of its constitutionally protected rights, and to inhibit plaintiff's further exercise of its constitutionally protected rights, including: the right to be free from compelled speech in the form of monetary contribution to a particular political candidate, the right to be free from compelled endorsement or monetary support of a particular political candidate, the right to free and unencumbered participation in the municipal political process, and the right to be free from extortionate demands for campaign contributions made under color of law by the City of Everett, its agents, employees and servants.

23. The defendants' conduct, as described hereinabove, constitutes an attempt, under color of law, to interfere with the plaintiff's exercise and enjoyment of rights secured by the Constitution

or laws of either the United States or of the Commonwealth, to wit: the right to equality of treatment under the law, the right to own and operate a lawful business, the right to the use and enjoyment of the property interests conferred by the licenses referenced hereinabove, the right to be free from compelled speech in the form of monetary contribution to a particular political candidate, the right to be free from compelled endorsement or support of a particular political candidate, the right to free and unencumbered participation in the municipal political process, and the right to be free from extortionate demands for campaign contributions made under color of law by the City of Everett, its agents, employees and servants.

24. As a direct and proximate result of the said interference and threatened interference with the plaintiff's civil rights, the plaintiff has been greatly damaged and is threatened with additional great and permanent damage.

25. The remedy at law is inadequate to stop the defendants' from their continuing and repetitive violations of the plaintiff's civil rights.

WHEREFORE, the plaintiff demands the following relief:

A. A Temporary Restraining Order prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

B. A Preliminary Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

C. A Permanent Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

D. An award of full, compensatory damages, including interest, costs and attorney's fees, against the defendants, jointly and severally.

E. An award of such other and further relief as the Court deems appropriate.

## COUNT TWO: VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. SEC. 1983 -- SELECTIVE ENFORCEMENT

26. Plaintiff incorporates by reference and here re-alleges paragraphs 1-25, supra.

27. The defendants have intentionally treated the plaintiff differently from others similarly situated, and defendants have done so both to inhibit and punish plaintiff's exercise of its constitutionally protected rights, and with malicious and bad faith intent to injure the plaintiff, as described hereinabove.

28. The defendants' selective enforcement of the local Ordinances of the City of Everett, as described hereinabove, constitutes an attempt, under color of law, to interfere with the plaintiff's exercise and enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, to wit: the right to equality of treatment under the law, the right to own and operate a lawful business, the right to the use and enjoyment of the property interests conferred by the licenses referenced hereinabove, the right to be free from compelled speech in the form of monetary contribution to a particular political candidate, the right to be free from compelled endorsement or support of a particular political candidate, and the right to be free from extortionate demands for campaign contributions made under color of law by the City of Everett, its agents, employees and servants.

29. As a direct and proximate result of the said interference and threatened interference with the plaintiff's civil rights, the plaintiff has been greatly damaged and is threatened with additional great and permanent damage.

30. The remedy at law is inadequate to stop the defendants' from their continuing and repetitive violations of the plaintiff's civil rights.

WHEREFORE, the plaintiff demands the following relief:

A. A Temporary Restraining Order prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

B. A Preliminary Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents,

owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

C. A Permanent Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

D. An award of full, compensatory damages, including interest, costs and attorney's fees, against the defendants, jointly and severally.

E. An award of such other and further relief as the Court deems appropriate.

## COUNT THREE: VIOLATION OF THE STATE CIVIL RIGHTS ACT, MASS.GEN.L. CH. 12, SECS. 11H & I

31. Plaintiff incorporates by reference and here re-alleges paragraphs 1-30, supra.

32. The defendants' conduct, as described hereinabove, constitutes an attempt, by threats, intimidation or coercion, to interfere with the plaintiff's exercise and enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, to wit: the right to equality of treatment under the law, the right to own and operate a lawful business, the right to the use and enjoyment of the property interests conferred by the licenses referenced hereinabove, the right to be free from compelled speech in the form of monetary contribution to a particular political candidate, the right to be free from compelled endorsement or support of a particular political candidate, and the right to be free from extortionate demands for campaign contributions made under color of law by the City of Everett, its agents, employees and servants.

33. As a direct and proximate result of the said interference and threatened interference with the plaintiff's civil rights, the plaintiff has been greatly damaged and is threatened with additional great and permanent damage.

34. The remedy at law is inadequate to stop the defendants' from their continuing and repetitive violations of the plaintiff's civil rights.

WHEREFORE, the plaintiff demands the following relief:

A. A Temporary Restraining Order prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents,

owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

B. A Preliminary Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

C. A Permanent Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

D. An award of full, compensatory damages, including interest, costs and attorney's fees, against the defendants, jointly and severally.

E. An award of such other and further relief as the Court deems appropriate.

## COUNT FOUR: CIVIL CONSPIRACY

35. Plaintiff incorporates by reference and here re-alleges paragraphs 1-34, supra.

36. By the acts and omissions as hereinbefore described, the defendants, without excuse, justification or privilege, tortiously conspired injure the plaintiff and to deprive it of its legal and constitutional rights, privileges and immunities, in violation of law and public policy.

37. As a direct and proximate result of the said civil conspiracy, the plaintiff has been greatly damaged and is threatened with additional great and permanent damage.

38. The remedy at law is inadequate to stop the defendants' from their continuing and repetitive violations of the plaintiff's legal and constitutional rights.

WHEREFORE, the plaintiff demands the following relief:

A. A Temporary Restraining Order prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

B. A Preliminary Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

C. A Permanent Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

in any manner that violates or inhibits plaintiff's exercise of its constitutionally protected rights, or in a manner that treats plaintiff differently from the other, similar businesses situated within the same Zoning District.

D. An award of full, compensatory damages, including interest, costs and attorney's fees, against the defendants, jointly and severally.

E. An award of such other and further relief as the Court deems appropriate.

A2345-005 - 29112

15

## COUNT FIVE: FOR DECLARATORY AND INJUNCTIVE RELIEF

39. Plaintiff incorporates by reference and here re-alleges paragraphs 1-40, supra.

40. A genuine dispute exists between the parties as to whether or not the defendants' acts and omissions, as hereinbefore described, constitute legitimate, lawful, and authorized attempts to enforce the City of Everett Zoning Ordinance.

41. The plaintiff is without an adequate remedy at law.

42. All persons having an interest in the subject matter hereof have been made parties hereto.

WHEREFORE, the plaintiff demands the following relief:

A. A Declaratory Judgment that the defendants' acts and omissions, as hereinbefore described, constitute illegitimate, unlawful, and unauthorized attempts to enforce the City of Everett Zoning Ordinance, and constitute unlawful selective enforcement of the law, violations of the state and federal civil rights acts, and civil conspiracy.

B. A Temporary Restraining Order prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

or in any other way attempts to enforce the Everett Zoning Ordinance in a manner inconsistent with said Zoning Ordinance or violative or state or federal law.

C. A Preliminary Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

or in any other way attempts to enforce the Everett Zoning Ordinance in a manner inconsistent with said Zoning Ordinance or violative or state or federal law.

D. A Permanent Injunction prohibiting the defendants, City of Everett, Carlo DeMaria, Jr., as he is the Mayor of the City of Everett, Frank Nuzzo, as he is the Code Enforcement Officer of the City of Everett, and John Field, as he is the Building Inspector of the City of Everett, their agents, employees and servants, from taking any enforcement action, of any nature and description whatsoever, against the plaintiff, Wentworth Precious Metals, LLC, its agents, owners, employees, subsidiaries, lessees, or assigns, under the aegis of Sections 21 and/or 27 of the City of Everett Zoning Ordinance, or of any other local, state or federal law, which seeks to:

(i) compel the plaintiff to cease and desist the conduct of its operations outdoors; and/or

(ii) compel the plaintiff to cease and desist from the outdoor storage of materials; and/or

(iii) compel the plaintiff to obtain a special permit; and/or

(iv) impose and compel the payment of fines for the conduct of operations outdoors, the storage of materials outdoors, and/or the failure to obtain a special permit,

or in any other way attempts to enforce the Everett Zoning Ordinance in a manner inconsistent with said Zoning Ordinance or violative or state or federal law.

E. An award of full, compensatory damages, including interest, costs and attorney's fees, against the defendants, jointly and severally.

F. An award of such other and further relief as the Court deems appropriate.

WENTWORTH PRECIOUS METALS, LLC, ,
By Its Attorney,

Justin M. Perrotta BBO# 641828
The Law Offices of William V. Hovey
27 School Street, Fifth Floor
Boston, MA 02108
(617) 443-0123
jmp@hoveylaw.net

Dated: April 19th, 2011

## VERIFICATION OF JOSEPH P. MARCHESE, JR., ESQ.

I, Joseph P. Marchese, Jr., having been duly sworn, do hereby depose and say as follows:

1. I am the Manager and Owner of the plaintiff, Wentworth Precious Metals, LLC., and I have personal knowledge of the facts of this case.

2. I have read the foregoing Verified Complaint, am familiar with the same, and I hereby aver that as to all matters of fact therein stated, the same are true, and as to all matters therein stated on information and belief, I do believe the same to be true.

Sworn to and signed this 19th day of April, 2011 under the pains and penalties of perjury.

Joseph P. Marchese, Jr., Esq.

A2345-005 - 29112[1].doc                18

**EXHIBIT A**

# City of Everett



# Zoning Ordinances

# SECTION 21. INDUSRIAL LIMITED DISTRICT IDENTIFICATION.

Industrial Limited District

Beginning on a point at the intersection of the Easterly line of Revere Street and the Northerly line of Paris Street; thence running Westerly on the Northerly line of Paris Street to a point on the Easterly line of Bailey Street extended; thence running Southerly on the Easterly line of Bailey Street extended to a point on the Northerly boundary of the Boston an Maine and Boston an Albany Railroads; thence running Easterly on the Northerly line of the Boston and Maine and the Boston and Albany Railroads to a point on the Chelsea city boundary line; thence running Northeasterly on the Chelsea city boundary line to a point two hundred fifty (250) feet Southwesterly of the Southerly line of Everett Avenue; thence running Westerly parallel to the southerly line of revere Beach Parkway and at a distance of three hundred (300) feet Southerly line of Revere Beach Parkway along a line drawn perpendicular to the Southern line of Revere Beach Parkway to a point on the Easterly line of Revere Street; thence running Southerly on the Easterly line of Revere Street to a point of beginning.

## Industrial Limited District

(a) **Uses.** In any Industrial Limited District, as indicated on the Zoning Map, no building, structure or premises shall be used and no building or structure shall be erected which is intended or designed to be used in whole or in part for any use except as provided herein:

1. Hotels and motels.

2. Research and development facilities.

3. Retail uses where goods are sold or services rendered primarily at retail.

4. Offices and banks.

5. Storage of goods in containers where all storage is contained within the building, not including storage of any raw or natural materials.

6. Light manufacturing entirely contained within the structure with no associated emissions of noxious odors or noise.

7. Heavy manufacturing by Special Permit providing there is no outside storage work and there is no emissions of noxious odors, smoke or noise, and no vibration discernible on the exterior of the building.

**(b) Dimensional Requirements.**

1. Frontage: None except for twenty (20) foot minimum for residential use.

2. Front Yard: Five (5) feet.

3. Side Yard: None required unless lot abuts a lot used for residential use of not more than three (3) dwelling units, in which case there shall be a minimum of four (4) feet but not less than H/6 where H = height of building.

4. Rear Yard: None required unless lot abuts lot used for residential use of multiple dwelling units, in which case, there shall be a minimum of five (5) feet but not less than H/4 where H = height of building.

5. Height: All buildings shall be limited to a maximum of sixty, (60) feet. Other structures on the roof shall not count towards the height unless the area of such structures exceed thirty-three (33) percent of the area of the roof. The height of any building may be increased to a maximum of one hundred (100) feet upon the grant of a Special Permit.

6. FAR (Floor Area Ratio); the floor area ratio shall not exceed 6 to 1. The floor area ratio may be increased up to 8 to 1 by the grant of a Special Permit.

**(c) Site Plan Review.** All proposed buildings with a gross floor area greater than ten thousand (10.000) square feet or which exceed one hundred thousand (100.000) cubic feet in volume shall be subject to a site plan review in accordance with the provisions of Section 19 of the Building zone Ordinance.

**(d) Parking Requirements.**
1. Subject to the requirements of Section 17 of the Building Zone Ordinance.

(End of Section)

# SECTION 27
# MATERIALS RECOVERY FACILITIES, INCINERATORS, LANDFILLS, JUNK YARDS AND FACILITIES, AND TRANSFER STATIONS

### 1.    Purpose

The City of Everett intends to protect its residential lands, waterways and natural environments from the encroachment by materials recycling facilities, incinerators, landfills, junk yards and facilities and transfer stations and to ensure and promote the City's image as a pleasant and attractive place of residence. Additionally, the City of Everett desires to foster sound, environmentally friendly economic development opportunities within all commercial and industrial districts in the City.

The purpose of this section is to regulate the use of materials recycling facilities, incinerators, landfills, junk yards and facilities, and transfer stations within the City of Everett by Special Permit as authorized pursuant to Massachusetts General Laws Chapter 40A, Section 9.

### 2.    Definitions

As used within this section, the following definitions shall apply:

Incinerator: a furnace or apparatus, whether enclosed within a structure or not, for burning trash, garbage, and other refuse materials to ashes.

Junk Yard/Facility: an area or structure used for the storage and/or sale of old or scrap copper, brass, rope, rags, batteries, paper, trash, rubber debris; waste, junked dismantled or wrecked automobiles, or parts thereof; iron, steel, and other old or scrap ferrous or non-ferrous materials; and any item that contains a hazardous material as defined by the Massachusetts Department of Environmental Protection.

Landfill: a low area of land that is built upon from deposits of solid refuse in layers covered by soil.

Materials Recovery Facility (MRF): an area in conjunction with a building/structure intended and designed to receive and process materials such as wood, paper, metals, or plastics for the purpose of recycling said materials into usable products and/or materials for resale to industry and commerce; it shall not be construed that an MRF can be utilized for the production of energy for either public or private purposes.

Solid Refuse: all solid or liquid waste materials, including garbage and rubbish, and sludge, but not including sewage, and those materials defined



# CITY OF EVERETT

## PLANNING BOARD

### EVERETT, MASSACHUSETTS 02149

Frederick Cafasso–Chairman

Michael Bono
Anthony Medeiros
James Tano
Stephen White

*Dawn Colameta* –Clerk

Planning Board
Speaker George Keverian Room
3rd Floor – City Hall
Meetings
2nd & 4th Mondays
7:00 PM

January 13, 2009

Marchese and Barnes
Attorneys-at-Law
221 Beach Street
Revere, MA 02151

RE: SITE PLAN REVIEW
RE:0 Terminal Street, LLC
0 Terminal Street
Everett, MA 02149

Dear Applicant:

In accordance with Section 19 of the City of Everett Zoning Ordinance and Chapter 40A, M.G.L., anyone wishing to appeal this decision has 20 days in which to do so.

Should no appeal be made within these 20 days, on the 21st day from which this decision was filed in the City Clerks office, by certified mail, a Certificate signed by the City Clerk for Recording the Decision in the Registry of Deeds, will be sent to you.

Please be advised that your appeal period will expire on February 1, 2009 your final paperwork will be sent to you by certified mail the following day.

Very truly yours,

EVERETT PLANNING BOARD

Dawn Colameta
Clerk
Enclosure



# CITY OF EVERETT
## PLANNING BOARD
### EVERETT, MASSACHUSETTS 02149

Frederick Cafasso-Chairman

Michael Bono
Anthony Medeiros
James Tano
Stephen White

*Dawn Colameta –Clerk*

Planning Board
Speaker George Keverian Room
3rd Floor – City Hall
Meetings
2nd & 4th Mondays
7:00 PM

## DECISION

Marchese and Barnes Attorneys-At-Law
221 Beach Street
Revere, MA 02151

RECEIVED
2009 JAN 13 A 9: 40
CITY CLERK'S OFFICE
EVERETT, MA

RE: SITE PLAN REVIEW
    0 Terminal Street, LLC
    Everett, MA 02149

On Monday, January 12, 2009 the Planning Board of the City of Everett held a public hearing regarding the application of 0 Terminal Street LLC, 0 Terminal Street, Everett, MA 02149 with respect to property located at 0 Terminal Street, Everett, MA 02149. Under Section 19, Site Plan Review of the Everett Zoning Ordinance.

The Planning Board at its meeting on January 12, 2009, voted by a vote of 5 in favor, 0 opposed. to approve the application as complying with the requirements of Section 19, subject to the following conditions.

### 1. Conformance with Plan
Work shall conform to site plans dated January 8, 2009 prepared by Stanley F. Gesek, 5 John Ave, Revere, MA 02151. To construct two cement block and steel buildings 55x65 feet and 116x55 feet with four parking spaces for storage of crushed metals.

### 2. Amendments
Any amendments to the Site Plan or waiver of conditions contained within shall require the approval of the Planning Board.

### 3. Utilities
A  Utility installation shall be reviewed and approved by the City Engineer prior to the

issuance of a Building Permit.

B. All storm drain construction shall be in accordance with the City of Everett and the Massachusetts Highway Department.

## 4. Parking Stalls

Each required car space shall not be less than nine (9) feet in width and eighteen (18) feet in length as required under Section 17, paragraph 1 of the City of Everett Zoning Ordinance. Any variation shall require a finding by the Zoning Board of Appeals in accordance with Section 10 of Chapter 40A, M.G.L.

## 5. Fire Department

All work shall comply with the requirements of the Everett Fire Department.

## 6. Building Department

All work shall comply with the requirements of the Everett Building Department.

## 7. Board of Health

All requirements of the Board of Health shall be strictly complied with.

## 8. Construction Practices

All construction shall be carried out in accordance with the following conditions:

A. No work shall commence before 7:00 A.M. on weekdays and Saturdays. No work shall continue beyond 6:00 P.M. There shall be no work conducted on Sundays and holidays. Inside work of a quiet nature may be permitted at other times.

B. All reasonable action shall be taken to minimize the negative effects of construction on abutters. Advance notice shall be provided to all abutters in writing at least 72 hours prior to the commencement of construction. Notification shall also be submitted to the Planning Board.

C. All construction shall be carried out in accordance with the Rules and Regulations of the Planning Board, and in accordance with any and all rules, regulations and ordinances of the City of Everett.

## 9. Violation

Violation of any condition of this Decision may result in revocation of building permit by the Building Inspector.

## 10. Conditions

- Applicant will correct drainage issue to Pasquale D'Angelo's property due to flooding that has occurred after the paving of Terminal Street.

I hereby certify that a copy of this decision and plans have been filed with the City Clerk and copies are on file with the Planning Board. The site plan approval shall not take effect until a copy of this decision bearing the certification of the City Clerk that (20) days have elapsed and no appeal has been filed or that if such appeal has been filed, and it has been dismissed or denied, is recorded in the Middlesex South District Registry of

Deeds and is indexed under the name of the owner of record or is recorded on the owner's Certificate of Title. The fee for recording or registering shall be paid by the owner or applicant.

EVERETT PLANNING BOARD

*Frederick Cafasso*

Frederick Cafasso,
Chairman

Note: if you wish to appeal this decision you have twenty (20) days in which to do so. Appeals are made pursuant to Chapter 40A, Section 15, Mass. General Laws.

# EXHIBIT B



# THE COMMONWEALTH OF MASSACHUSETTS
## City of Everett
## Board of Aldermen

NUMBER
LN-2010-0222

FEE
$150.00

## WENTWORTH PRECIOUS METALS, LLC
NAME

431 SECOND ST
ADDRESS

DATE ISSUED
June 16, 2010

### IS HEREBY GRANTED A Junk, Recovery & Recycling Facility License

This permit is granted in conformity with the Statutes and ordinances relating thereto, and expires  May 1, 2011  unless sooner suspended or revoked.

RESTRICTIONS:  1) Empl. Parking provided. 2) Landscaping around property. 3) Consider hiring Everett residents.

HOURS ACTIVE: M-F 6am-5pm, Sat. 6am-1pm

CITY CLERK